**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

STARR GABRIELL AUSTIN,

       Petitioner,

                               CASE NO. 2:10-CV-10155

v.                              HONORABLE ARTHUR J. TARNOW

MILLICENT WARREN,

       Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner is held in state custody at the Huron Valley Correctional Facility in Ypsilanti, Michigan. She was convicted after a jury trial in the Wayne Circuit Court of carjacking, MICH. COMP. LAWS 750.529a, armed robbery MICH. COMP. LAWS 750.529, and unlawfully driving away an automobile. MICH. COMP. LAWS 750.413. The state trial court sentenced her to concurrent terms of 9-to-20 years in prison for the carjacking and armed robbery convictions and 1-to-5 years for the auto theft conviction. Petitioner claims that insufficient evidence was presented at trial to sustain he armed robbery conviction (she does not challenge the carjacking conviction), and she claims that her counsel was ineffective for failing to challenge the sentencing guidelines. For the reasons that follow, the petition will be denied.

## Background

At Petitioner's jury trial, Billy Street testified that he was a car salesperson at Legacy Motors in Detroit. In the afternoon of April 6, 2007, Petitioner arrived at the dealership and requested to test drive a Cadillac automobile. Petitioner was accompanied by a pregnant

1

*Austin v Warren,* U.S.D.C.10-CV-10155

woman and a young child.  Petitioner drove, the pregnant woman sat in the front passenger seat, and Street sat in the back with the child.

Petitioner received a call on her cell phone, and Street heard her say to the caller, "I'll be there when I'm finished test driving the car."  Petitioner then asked Street to test drive the car on the freeway.  Petitioner began to drive towards I-75 on Outer Drive, but then turned the car onto a side street.  She stopped the car in the middle of the block and unlocked the doors.  A minivan that had been parked on the side street pulled up next to the Cadillac.  A man emerged from the van, walked to Street's door, opened it, and pointed a gun at his head.  The man said, "You need to get the fuck out of the car."  Petitioner did not appear to be startled or frightened.  The man saw that Street had a cell phone and said, "Give me the fucking cell phone, too."  Petitioner then sped off in the Cadillac with the man.

Street ran to a nearby restaurant, called the dealership, and told his boss to keep watch on the car that Petitioner left at the dealership.  Upon arriving back at the dealership, Street was questioned by police.  A photographic lineup was conducted, and Street quickly identified Petitioner.

Jimmy Markoz, the owner of Legacy Motors, testified that when he received the call from Street, he went to stand by the car Petitioner had arrived in.  He knew that an off-duty police officer was on another test drive.  When Markoz went to inform the officer about the robbery, someone managed to drive away in Petitioner's car.

Officer Kathleen Singleton testified that she was on patrol on May 8, 2007, when she saw a Cadillac with a temporary license sticker.  The sticker contained too many numbers, so she pulled the vehicle over.  Petitioner was the driver, and she was unable to produce

2

*Austin v Warren,* U.S.D.C.10-CV-10155

an operator's licence, registration, or proof of insurance.  The vehicle identification number tag on the dash board was covered by a piece of paper.  Officer Singleton moved the paper, ran the number, and discovered that the car had been reported as stolen.  Petitioner was placed under arrest.

Mesa Henry testified for the defense.  She testified that she was the pregnant woman with the young child who went with Petitioner on the test drive.  According to Henry, Street flirted with the women during the test drive.  She claimed that Petitioner was having a difficult time locating the entrance to the freeway, and that Street directed her to stop so that he could drive.  When Street exited the car, Petitioner drove off.  Henry denied that there was ever a man with a gun.  Henry admitted that she was the one who retrieved Petitioner's car from the dealership.

The jury found Petitioner guilty of carjacking, armed robbery (with respect to Street's cell phone), and unlawful driving away of an automobile.  She was later sentenced as indicated above.

Petitioner then pursued an appeal of right in the Michigan Court of Appeals.  Her appellate brief raised two claims:

I. Was there insufficient evidence upon which to convict defendant of armed robbery?

II. Were offense variables one (OV-1) and two (OV-2) incorrectly scored based upon ineffective assistance of counsel and an abused of discretion by the court, and therefore require a re-sentencing?

The state appellate court affirmed Petitioner's armed robbery conviction and her sentences in an unpublished Opinion.  *People v. Austin*, 2009 Mich. App. LEXIS 1389

3

*Austin v Warren,* U.S.D.C.10-CV-10155

(Mich. Ct. App. June 23, 2009).   Petitioner then raised the same two claims in an application for leave to appeal filed in the Michigan Supreme Court, but leave to appeal was denied by standard order.  *People v. Austin*, 485 Mich. 899, 772 N.W.2d 394 (2009).

Petitioner's application for a writ of habeas corpus raises the same claims rejected by the state courts.

### Standard of Review

28 U.S.C. § 2254(d) bars habeas relief for claims adjudicated on the merits in state court unless the state court adjudication runs contrary to clearly established Supreme Court law, or if it results from an unreasonable application of that law or an unreasonable determination of the facts.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal-habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

Recently, in *Harrington v. Richter*,    U.S.   , 131 S.Ct. 770, 178 L. Ed. 2d 624 (2011), the United States Supreme Court stated: "A state court's determination that a claim

4

*Austin v Warren,*U.S.D.C.10-CV-10155

lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*,    U.S. at    , 131 S.Ct. at 786 (*quoting Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S. Ct. 2140, 158 L. Ed. 2d 938 (2004)).

A federal habeas court must also presume the correctness of state court  factual determinations. See 28 U.S.C. § 2254(e)(1).  A petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## Discussion

Both of Petitioner's claims were adjudicated on the merits by the Michigan Court of Appeals during her appeal of right.  For the reasons that follow, because the state court's decision was not contrary to clearly established Supreme Court law, and because it did not involve an unreasonable application of law or facts, the petition will be denied.

## Sufficiency of the Evidence

Petitioner first claims that there was constitutionally insufficient evidence presented at trial to sustain her armed robbery conviction.  She does not challenge the sufficiency of the evidence with respect to her two other convictions.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On direct review, the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could

*Austin v Warren,* U.S.D.C.10-CV-10155

have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original).  In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (*quoting Jackson*, 443 U.S. at 324 n.16). "A reviewing court does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (*citing Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Accordingly, "[t]he mere existence of sufficient evidence to convict . . . defeats a petitioner's claim." *Matthews*, 319 F.3d at 788-89.

The elements of armed robbery are (1) an assault, and (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a dangerous weapon or with an article used or fashioned in such a way as to lead a reasonable person to believe that it is a dangerous weapon. *People v. Ford*, 262 Mich. App. 443, 458, 687 N.W.2d 119, 128 (2004). "To establish that a defendant aided and abetted a crime under Michigan law, a prosecutor must show that (1) the crime charged was committed by the defendant or some other person, (2) the defendant performed acts or gave encouragement that assisted the commission of the crime, and (3) the defendant intended the commission of the crime or knew that the principal intended to commit the crime at the time he gave aid and encouragement." *Riley v. Berghuis*, 481 F.3d 315, 322 (6th Cir. 2007) (*citing People v. Carines*, 460 Mich. 750, 758, 597 N.W.2d 130, 135 (1999)). An "aider and abettor's state of mind may be inferred from all the facts and circumstances. Factors that may be considered include a close association between the defendant and the

*Austin v Warren,* U.S.D.C.10-CV-10155

principal, the defendant's participation in the planning or execution of the crime, and evidence of flight after the crime." *Carines*, 460 Mich. at 758.  "The quantum of aid or advice is immaterial as long as it had the effect of inducing the crime." *People v. Lawton*, 196 Mich. App. 341, 352, 492 N.W.2d 810, 816 (1992).

The Michigan Court of Appeals rejected Petitioner's claim as follows:

Defendant first contends that insufficient evidence supported her conviction of armed robbery.  We review sufficiency of the evidence challenges de novo to determine whether the evidence, viewed in the light most favorable to the prosecution, warrants a rational trier of fact in finding that all the elements of the charged crime have been proven beyond a reasonable doubt. *People v. Nowack*, 462 Mich. 392, 399; 614 N.W.2d 78 (2000).  A reviewing court must "draw all reasonable inferences and make credibility choices in support of the jury verdict.  The scope of review is the same whether the evidence is direct or circumstantial. Circumstantial evidence and reasonable inferences  arising from that evidence can constitute satisfactory proof of the elements of a crime." *Id.* at 400 (internal quotation omitted).

The prosecutor urged the jury to convict defendant of armed robbery on the basis that she aided and abetted the commission of this crime. Michigan's aiding and abetting statute, MICH. COMP. LAWS 767.39, contemplates that "[e]very person concerned in the commission of an offense, whether he directly commits the act constituting the offense or procures, counsels, aids, or abets in its commission may hereafter be prosecuted, indicted, tried and on conviction shall be punished as if he had directly committed such offense."  The three elements necessary to sustain a conviction under an aiding and abetting theory are that "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement." *People v. Robinson*, 475 Mich. 1, 6; 715 N.W.2d 44 (2006) (internal quotation omitted).

After reviewing the record, we find sufficient evidence that defendant aided and abetted the armed robbery of a cellular phone from the victim, Billy Street. Street, who worked at a used car lot, testified that he accompanied defendant, a friend and a child on a test drive of a used Cadillac.  Street

7

*Austin v Warren,*U.S.D.C.10-CV-10155

recalled that during the test drive, defendant conversed on a cellular phone, at one point saying "something to the effect of I'll be there when I'm finished test-driving this car."  Street acquiesced to defendant's request to drive the Cadillac on the freeway.  However, en route to the freeway, defendant veered off onto a side street, stopped "in the middle of the block," and unlocked the Cadillac's doors.  Street recounted that a man approached the Cadillac, opened the back door where Street was seated, while brandishing a handgun directed Street out of the car, and took Street's cellular phone.  According to Street, defendant did not appear startled or frightened by the gunman's appearance and actions.  Defendant then drove off in the Cadillac with the gunman inside.

Street's testimony, viewed in the light most favorable to the prosecutor, supported a rational jury's reasonable determinations beyond a reasonable doubt  that an armed robbery occurred, and that defendant performed acts or gave encouragement that assisted the commission of the crime, namely stopping the Cadillac in the middle of the street, unlocking the doors, and then driving away with the gunman in the car after he ejected Street from the Cadillac and took Street's phone.  Defendant maintains that because she could not possibly have known that Street would have a cellular phone during the test drive or that the gunman would steal it, no rational view of the evidence tended to establish the third aiding and abetting element, that she "intended the commission of the [armed robbery] or had knowledge that the principal intended its commission at the time that [she] gave aid and encouragement." *Robinson, supra* at 6.  However, our Supreme Court reiterated in *Robinson* that the aider and abettor's intent element is satisfied by proof that the principal's crime came "fairly within the common enterprise, and . . . might be expected to happen if the occasion should arise for any one to do it." *Id.* at 9 (internal quotation omitted).   The Supreme Court summarized,

> Therefore, the prosecutor must prove beyond a reasonable doubt that the defendant  aided or abetted the commission of an offense and that the defendant intended to aid the charged offense, knew the principal intended to commit the charged offense, *or, alternatively, that the charged offense was a natural and probable consequence of the commission of the intended offense.* [*Id.* at 15 (emphasis added).]

The jury in this case reasonably could have found or inferred beyond a reasonable doubt that the armed robbery of Street's cellular phone constituted a natural and probable consequence of the carjacking, which occurred at gunpoint and with defendant's assistance. In summary, ample

*Austin v Warren,*U.S.D.C.10-CV-10155

evidence supported defendant's conviction of aiding and abetting the armed
robbery of Street's cellular phone.

*Austin*, 2009 Mich. App. LEXIS 1389, *1-5 (emphasis in original).

The state court of appeals reasonably applied *Jackson v. Virginia* when it found
sufficient evidence to support the armed robbery conviction in light of the "substantive
elements of the criminal offense as defined by state law." *Brown*, 441 F.3d at 351 (internal
quotes and citation omitted).  The circumstances of the crime could lead a rational juror to
conclude beyond a reasonable doubt that Petitioner aided the unidentified man in robbing
Street.  Even if Petitioner did not specifically know that the man would rob Street of his cell
phone in addition to committing the carjacking, the robbery was a natural and probable
consequence of the commission of the intended offense.  Petitioner asserts that there was
no evidence presented that Petitioner knew Street had a cell phone.  That fact is
immaterial.  It was natural and probable that Street would have some valuable item on his
person, be it a wallet, watch, jewelry, or something else, and that the unidentified man
would demand those valuables in addition to the car.

In any event, it is worth noting that Petitioner's sentence for the carjacking
conviction–which she does not challenge–is identical and runs concurrently with her
sentence for the armed robbery conviction.  Accordingly, even if she could overturn her
armed robbery conviction, it would not affect the length of her sentence.  *See Dale v.
Haeberlin*, 878 F.2d 930, 935 n.3 (6th Cir. 1989); *United States v. Hughes*, 964 F.2d 536,
541 (6th Cir. 1992).

*Austin v Warren,*U.S.D.C.10-CV-10155

Petitioner's first habeas claim therefore does not provide a basis for granting habeas relief.

### Ineffective Assistance of Counsel at Sentencing

Petitioner next claims that her trial counsel was ineffective for failing to challenge the scoring of the sentencing guidelines.

The Michigan Court of Appeals rejected this claim on the merits. The state appellate court first examined Petitioner's claim that the guideline variables were improperly scored, and it determined that there was no error. It then rejected Petitioner's ineffective assistance of counsel claim as follows: "Because the trial court correctly scored OV's 1 and 2, we reject defendant's related claim that her counsel was ineffective for failing to object to the scoring at the sentencing hearing. *People v. Rodriguez*, 212 Mich App 351, 355-356; 538 NW2d 42 (1995) (observing that counsel need not make groundless objections at sentencing)." *Austin*, 2009 Mich. App. LEXIS 1389, *9 n. 4.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

10

*Austin v Warren,*U.S.D.C.10-CV-10155

Here, Petitioner can demonstrate neither prong of the *Strickland* standard because the predicate on which his claim relies–that the guidelines were incorrectly scored–has been conclusively determined to be false by the state court.  This Court must defer to the state court's determination that under state law the sentencing guidelines were scored correctly.  *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003).  Accordingly, there is no basis for this Court to conclude that Petitioner's counsel performed deficiently by failing to object to the scoring of the guidelines, or that an objection would have had any merit. Petitioner has therefore not demonstrated entitlement to habeas relief based on this claim.

## Certificate of Appealability

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).   When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002).

*Austin v Warren,*U.S.D.C.10-CV-10155

The Court denies Petitioner a Certificate of Appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or that he should receive encouragement to proceed further. *Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although this Court will deny a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claim, Petitioner's sufficiency of the evidence claim is not frivolous; therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### V. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

*Austin v Warren,* U.S.D.C.10-CV-10155

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **GRANTED**.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: November 9, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 9, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

13